FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

11 SEP 12 AM II: 58

CLERK, U. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

ROBERT JOHN HADLEY

CASE NO. 8:11 CR 473 23 TBM
18 U.S.C. § 371
18 U.S.C. § 982(a)(2)(B) - Forfeiture

## INFORMATION

The United States Attorney charges:

### COUNT ONE

#### A. Introduction

At all times material to this Information:

1.      The term "access device" means any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

2.      The term "unauthorized access device" means any access device that is lost, stolen, expired, revoked, canceled, or obtained with the intent to defraud.

#### B. Conspiracy

3.      From in or around January 2007, and through in or around October 2007, in the Middle District of Florida and elsewhere, the defendant,

**ROBERT HADLEY,**

did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the United States Attorney, to commit certain offenses against the United States, that is:

a.   knowingly and with intent to defraud use one or more unauthorized access devices during any one year period, and by such conduct obtain anything of value aggregating to $1,000 or more during that period, said conduct affecting interstate and foreign commerce, in violation of Title 18 United States Code, Section 1029(a)(2); and

b.   knowingly and with intent to defraud possess fifteen or more unauthorized access devices, in violation of Title 18 United States Code, Section 1029(a)(3).

### C.   Purpose of the Conspiracy

4.   It was the purpose of the conspiracy for the defendant, ROBERT HADLEY, and his coconspirators to obtain, possess, and utilize unauthorized access devices for their own benefit and to defraud credit card issuers and account holders.

### D.   Manner and Means

5.   The manner and means by which the defendant and his coconspirators sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

a.   It was part of the conspiracy that the defendant, ROBERT HADLEY, would and did obtain hundreds of credit card numbers and other identifying

2

information from customers of his employer, a telemarketing company, and provided them to his coconspirator, DS.

b.      It was further part of the conspiracy that DS would and did recruit processors who would establish PayPal accounts and corresponding bank accounts to charge the credit card numbers obtained by HADLEY between $800 and $900 each. The owners of the credit card numbers, most of whom lived out of state, were neither aware of nor authorized this charging of the credit card accounts, nor did they receive any goods or services in exchange for the charges.

c.      It was further part of the conspiracy that coconspirator DS and HADLEY would and did instruct the processors to keep 12.5% of the fraudulently obtained monies and to withdraw the remaining 87.5% of the proceeds of the fraud in cash and divide it equally among DS and Hadley.

d.      It was further part of the conspiracy that HADLEY, DS, and their coconspirators would and did charge more than $1,000 during a one year period and charged out of state credit card accounts, thereby affecting interstate commerce.

e.      It was further part of the conspiracy that the conspirators would and did misrepresent, conceal, hide and cause to be misrepresented, concealed, and hidden acts done in furtherance of the conspiracy and the purpose of these acts.

### E. Overt Act

5.      In furtherance of the conspiracy, and to achieve the objects and purposes thereof, at least one of the coconspirators committed and caused to be committed, in the Middle District of Florida and elsewhere, the following overt act:

a.      In or about late September or early October 2007, in the Middle

3

District of Florida and elsewhere, the defendant, ROBERT HADLEY, knowingly and with the intent to defraud, possessed 193 unauthorized access devices, specifically credit card account numbers obtained from his employer, said possession affecting interstate and foreign commerce, in that some of the credit card numbers possessed were from out of state, and provided them to DS for unauthorized processing.

All in violation of Title 18, United States Code, Section 371.

### FORFEITURES

1.      The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 982.

2.      The defendant, ROBERT HADLEY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982, any and all right, title, and interest he may have in any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as a result of such violations of 18 U.S.C. §§ 371 and 1029 including, but not limited to, a $397,726.75 forfeiture money judgment, representing the amount of proceeds obtained as a result of such offense.

3.      If any of the property described above, as a result of any act or omission of the defendants:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided

4

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under

the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title

18, United States Code, Section 982(b)(1).

ROBERT E. O'NEILL
United States Attorney

By: Amanda L. Riedel

AMANDA L. RIEDEL
Assistant United States Attorney

By:

ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section